# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. WAYNE JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM L. SCHMIDT,<br><br>        Defendant. | Case No. 1:17-cv-01447-LJO-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff R. Wayne Johnson, appearing *pro se* and *in forma pauperis*, is a prisoner in the custody of Texas Department of Criminal Justice. On October 26, 2017, Plaintiff commenced this action against William L. Schmidt, Esq. alleging violation of Texas Government Code § 82.0651(b)-(c). (ECF No. 1).

The Court has screened the complaint and has determined that Plaintiff has failed to state any cognizable claims. The Court will grant Plaintiff leave to amend his complaint to state a claim. In the alternative, Plaintiff may notify the Court that he wishes to stand on the current complaint, in which case the Court will issue findings and recommendations to the district judge

1

recommending dismissal of this action consistent with this order.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are difficult to understand. From what the court can glean, Plaintiff

alleges that Defendant, an attorney practicing in Fresno, California, solicited employment in Prison Legal News in violation of Texas Government Code § 82.0651(b)-(c). Plaintiff attaches to the Complaint a copy of the advertisement from the Prison Legal News.

## III. DISCUSSION

Texas Government Code § 82.0651 provides, in pertinent part:

> a) A client may bring an action to void a contract for legal services that was procured as a result of conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, and to recover any amount that may be awarded under Subsection (b). A client who enters into a contract described by this subsection may bring an action to recover any amount that may be awarded under Subsection (b) even if the contract is voided voluntarily.
>
> (b) A client who prevails in an action under Subsection (a) shall recover from any person who committed barratry:
>
> (1) all fees and expenses paid to that person under the contract;
>
> (2) the balance of any fees and expenses paid to any other person under the contract, after deducting fees and expenses awarded based on a quantum meruit theory as provided by Section 82.065(c);
>
> (3) actual damages caused by the prohibited conduct;
>
> (4) a penalty in the amount of $10,000; and
>
> (5) reasonable and necessary attorney's fees.
>
> (c) A person who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

In turn, Tex. Penal Code Ann. § 38.12 (West) provides, in pertinent part:

> (a) A person commits an offense if, with intent to obtain an economic benefit the person:
>
> (1) knowingly institutes a suit or claim that the person has not been authorized to pursue;
>
> (2) solicits employment, either in person or by telephone, for himself or for another;
>
> (3) pays, gives, or advances or offers to pay, give, or advance to

> prospective client money or anything of value to obtain employment as a professional from the prospective client;
>
> (4) pays or gives or offers to pay or give person money or anything of value to solicit employment;
>
> (5) pays or gives or offers to pay or give a family member of a prospective client money or anything of value to solicit employment; or
>
> (6) accepts or agrees to accept money or anything of value to solicit employment.

Similarly, Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas provides, relevant part:

> (a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain. . . .
>
> (f) As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. For purposes of this Rule a website for a lawyer or law firm is not considered a communication initiated by or on behalf of that lawyer or firm.

In essence, relevant to Plaintiff's claim, Texas Gov't Code § 82.0651 prohibits an attorney from soliciting employment in person or by telephone. Plaintiff alleges that Defendant solicited employment in Prison Legal News. Tex. Gov't Code § 82.0651 does not prohibit this conduct. Plaintiff alleges no other allegations that could fairly be construed to violate § 82.0651.

Thus, Plaintiff fails to state any cognizable claim for relief.[1]

### IV. CONCLUSION AND ORDER

The Court finds that the Complaint fails to state any cognizable claims upon which relief

---

[1] Additionally, Plaintiff seeks damages in the amount of $100,000. Tex. Gov't Code § 82.0651 provides for recovery of actual damages caused by any prohibited conduct and a penalty in the amount of $10,000. Plaintiff's allegations, taken as true, would not meet the $75,000 amount in controversy threshold to invoke the Court's subject matter jurisdiction. *See* 28 U.S. Code § 1332.

may be granted.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days, if he chooses to do so.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading. Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently plead.  Plaintiff should also set forth sufficient facts to establish that the Court has subject matter jurisdiction over his claims in accordance with 28 U.S.C. § 1332 or any other law. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on his original complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01447-LJO-EPG;

3. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on his original complaint,

| | |
|---|---|
| 1 | subject to this Court issuing findings and recommendations to the assigned district |
| 2 | court judge recommending that the case be dismissed for failure to state a claim; |
| 3 | and |

4. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within thirty (30) days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 30, 2018**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE