# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. WAYNE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM L. SCHMIDT.<br><br>    Defendants. | Case No. 1:17-cv-01447-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 5)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

    R. Wayne Johnson ("Plaintiff"), appearing *pro se* and *in forma pauperis*, is a prisoner in the custody of Texas Department of Criminal Justice. On October 26, 2017, Plaintiff commenced this action against William L. Schmidt, Esq. ("Defendant") by the filing of a Complaint alleging violation of Texas Government Code § 82.0651(b)-(c). (ECF No. 1.)

    On January 30, 2018, the Court screened the Complaint and determined that it fails to state any cognizable claims. (ECF No. 4.) Specifically, the Court concluded that Plaintiff failed to allege that Defendant violated Tex. Gov't Code § 82.0651. *Id.* The screening order directed Plaintiff to file an amended complaint or notify the Court that he wishes to stand on the Complaint, subject to the issuance of findings and recommendations to the assigned district judge. *Id.*

    On February 28, 2018, Plaintiff filed a First Amended Complaint, challenging the jurisdiction of the court and asserting new causes of action that are unrelated to those alleged in the Complaint. (ECF No. 5.) The Court will construe the First Amended Complaint, at least in

1

part, as a notice by Plaintiff that he wishes to stand on the original Complaint. Nevertheless, because the Court finds that both the Complaint and the First Amended Complaint fail to state a claim, the Court recommends that this action be dismissed, with prejudice. Plaintiff may file objections within twenty-one (21) days from the date of service of these findings and recommendations.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of an *in forma pauperis* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must dismiss the complaint. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's allegations are again difficult to understand. Plaintiff alleges that William L. Schmidt, Esq., an attorney practicing in Fresno, California, solicited employment in Prison Legal News in violation of Texas Government Code § 82.0651(b)-(c). Plaintiff attaches to the Complaint a copy of the advertisement from the Prison Legal News.

## III. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff's allegations are again difficult to understand. From what the Court can deduce, Plaintiff alleges that (1) the Court lacks jurisdiction to hear this matter; (2) the Court has failed to apply Texas law; (3) the Court has violated Plaintiff's First, Fourteenth, and Sixth Amendment rights and the Crime Victim Rights Act; and (4) the Plaintiff is entitled to $3 million in restitution.

## IV. DISCUSSION

### A. Screening Jurisdiction

Plaintiff is proceeding *in forma pauperis*. (ECF No. 1, 3.) The Court's jurisdiction to screen *in forma pauperis* complaints arises under 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2), the Court must screen *in forma pauperis* complaints to determine whether they "state a claim on which relief may be granted," are "frivolous or malicious," or "seek monetary relief against a defendant who is immune from such relief." Accordingly, to the extent Plaintiff is attempting to challenge the Court's jurisdiction to screen his complaint, Plaintiff's argument fails.

### B. Failure to State a Claim under Texas Law

Texas Government Code § 82.0651 provides, in pertinent part:

> (a) A client may bring an action to void a contract for legal services that was procured as a result of conduct violating Section 32.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, and to recover any amount that may be awarded under Subsection (b). A client who enters into a contract described by this subsection may bring an action to recover any amount that may be awarded under Subsection (b) even if the contract is voided voluntarily.
>
> (b) A Client who prevails in an action under Subsection (a) shall recover from any person who committed barratry:

3

> all fees and expenses paid to that person under the contract;
>
> the balance of any fees and expenses paid to any other person under the contract, after deducting fees and expenses awarded based on a quantum meruit theory as provided by Section 82.065(c);
>
> actual damages caused by the prohibited conduct;
>
> a penalty in the amount of $10,000; and
>
> reasonable and necessary attorney's fees.
>
> (c) A person who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

In turn, Tex. Penal Code Ann. § 38.12 (West) provides, in pertinent part:

> (a) A person commits an offense if, with intent to obtain an economic benefit the person:
> (1) knowingly institutes a suit or claim that the person has not been authorized to pursue;
>
> (2) solicits employment, either in person or by telephone, for himself or for another;
>
> (3) pays, gives, or advances or offers to pay, give, or advance to prospective client money or anything of value to obtain employment as a professional from the prospective client;
>
> (4) pays or gives or offers to pay or give person money or anything of value to solicit employment;
>
> (5) pays or gives or offers to pay or give a family member of a prospective client money or anything of value to solicit employment; or
>
> (6) accepts or agrees to accept money or anything of value to solicit employment.

Similarly, Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas provides, in relevant part:

> (a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or serious of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer

>has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain….
>
>(f) As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, inactive manner with any other person by telephone or other electronic means. For purposes of this Rule a website for a lawyer or law firm is not considered a communication initiated by or on behalf of that lawyer or firm.

Relevant to Plaintiff's claim, Texas Gov't Code § 82.0651 prohibits an attorney from soliciting employment in person or by telephone. Plaintiff alleged in the Complaint, (ECF No. 1), that Defendant solicited employment in Prison Legal News. Texas Gov't Code § 82.0651 does not prohibit this conduct. As Plaintiff has failed to amend his allegations, the Court maintains that Plaintiff has still failed to state a claim against Defendant Schmidt for violating Tex. Gov't Code § 82.0651.

### C. Unrelated Claims in Amended Complaint

Plaintiff has failed to comply with the parameters of an amended complaint. The Court advised Plaintiff in the screening order, (ECF No. 4 at 5), that an opportunity to amend a complaint was not for changing the nature of a suit or adding unrelated claims. Giving a plaintiff leave to amend a complaint is not a license to introduce new and unrelated claims against a different defendant. *See* Fed. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*…") (emphasis added); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead of amending the allegations in the Complaint against Defendant Schmidt, Plaintiff appears to have added argument regarding why the Court's order is void. The amendment thus did not add factual allegations to Plaintiff's claims to state cognizable claims under the relevant legal standards.

\\\
\\\

5

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that the Complaint and First Amended Complaint fail to state any cognizable claim upon which relief may be granted. Accordingly, the Court recommends that this action be dismissed, with prejudice.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2018**        /s/ Erin P. Groi
UNITED STATES MAGISTRATE JUDGE